# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7071 | **DATE** | APRIL 29 , 2004 |
| **CASE TITLE** | A.K., etc. v. G.V. and E.V. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing reset from May 5, 2004 at 11:00 a.m. to May 12, 2004 at 11:00.a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/reset for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/reset for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants' motion for a protective order [14-1] is granted in part and denied in part. The parties shall present a draft order at the status hearing. Defendants shall respond to the plaintiffs' first set of interrogatories by May 21, 2004.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 3 0 2004 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | 15 | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/29/2004 | |
| | | | date mailed notice | |
| cw | courtroom deputy's initials | | mqm | |
| | | Date/time received in central Clerk's Office | mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

A.K., a minor by her parents )
and next best friends, S.K. and )
P.K., )
 )
           Plaintiff, )
 )
     v. )           No. 03 C 7071
 )
G.V. and E.V., )
 )
           Defendants. )

DOCKETED

APR 3 0 2004

## <u>MEMORANDUM OPINION AND ORDER</u>

The plaintiff in this diversity lawsuit is A.K., by her

parents and next friends.[1] The K.'s reside in Minnesota. The

defendants in this case are G.V. and E.V., who are the parents of

T.V. The V.'s are residents of Illinois. T.V., who is not a

named defendant, is a boy who allegedly was 15 years old in March

2002. A.K. is a girl, who apparently was six years old in March

2002.[2] Apparently while both families were on vacation in

---

[1] In the interests of the minors, and taking into
consideration that most opinions of this court are made available
on Westlaw, Lexis, and possibly other services, the parties'
initials will be used in this opinion. Pleadings in this case,
however, should continue to include the parties' full names.

[2] The body of the complaint does not allege A.K.'s age.
However, attached to the complaint is a complaint in a related
proceeding brought by the V.'s insurer. In that complaint,
A.K.'s age is alleged.

Florida in March 2002, T.V. allegedly assaulted A.K. in a women's restroom. The nature of the assault is not described in the complaint, but the parties indicate in their briefs that it is alleged to be sexual in nature.[3] There is complete diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiff alleges that defendants negligently supervised their son.

Defendants do not dispute plaintiff's contention that, because the site of the alleged assault was Florida, Florida law provides the substantive law for her tort claim. They also do not dispute plaintiff's contention that, in order to prove her claim, she must show that defendants, as parents, failed to exercise control over their minor child although defendants knew, or with due care should have known, that injury to another person was possible. Snow v. Nelson, 475 So. 2d 225, 226 (Fla. 1985); Thompson v. Baniqued, 741 So. 2d 629, 632 (Fla. App. 1999). This requires proof "that the child had a habit of engaging in a particular act or course of conduct which led to the plaintiff's injury." Snow, 475 So. 2d at 226; Thompson, 741 So. 2d at 632.

Presently pending is defendants' motion for a protective order. Defendants seek a very broad protective order. They seek to preclude discovery as to any matters that were possibly the

---

[3]The insurer's related complaint alleges that the assault was T.V. intentionally exposing himself to A.K.

- 2 -

subject of various proceedings or whose subject matter is covered by various statutes. For example, they do not merely seek to foreclose discovery as to what occurred during possible juvenile court proceedings; they instead seek to foreclose any discovery at all regarding an incident if it happened to be the subject of a juvenile court proceeding. In other words, they do not limit their protective order to precluding discovery as to what pleadings, testimony, and rulings occurred in a juvenile court proceeding; but would also preclude independently questioning a witness to the underlying incident regarding what he or she saw and heard.

Defendants' proposed protective order includes the following paragraphs:

> 1. Confidential Material, as defined in paragraph 2, shall not be disclosed or produced in this litigation by either party.
> 2. "Confidential Material" means:
> (a) documents, information or testimony concerning matters involving the Defendants' minor son that were or are the subject of proceedings under the Illinois Juvenile Court Act, 705 ILCS 405/1-8 et seq. and/or related Florida statutes, including without limitation Fla. Stat. §§ 39.0132(3) and (6), 39.202(1), and 985.04(2) (2004);
> (b) documents, information or testimony concerning treatment or counseling rendered to the Defendants' minor son which are subject to the Illinois Mental and Developmental Disabilities Confidentiality Act, 740 ILCS 110/2 et seq. (2004) and/or similar Florida statutes, including without limitation Fla. Stat. § 90.503(2);
> (c) documents, information and testimony concerning the school records of Defendants'

minor son that are subject to the Illinois School
Student Records Act, 105 ILCS 10/6(a) (2004)
and/or similar Florida statutes;

(d) documents, information and testimony
concerning the Defendants' minor son's
registration as a sex offender under the Illinois
Sex Offender Registration Act, 150 ILCS 150/1 et
seq. (2004) and/or similar Florida statutes;

(e) documents information and testimony
concerning communications subject to the
physician-patient privilege under 735 ILCS
5/[8-]802 (2004) and/or similar Florida statutes,
including without limitation Fla. Stat.
§ 456.057(5);

(f) documents, information and testimony
concerning any investigation by the Department of
Children & Family Services subject to 325 ILCS
5/11 (2004) and/or similar Florida statutes,
including without limitation Fla. Stat.
§ 39.202(1) (2004); and

(g) other documents, information and
testimony which are subject to privileges or
confidentiality protections provided by
applicable law.

3. Parties and witnesses may testify
regarding documents, facts and/or events which do
not involve any matters which are or have been
the subject of any juvenile proceeding, mental
health treatment, medical treatment, school
records, the Illinois Sex Offender Registration
Act, 150 ILCS 150/1 et seq., Florida or Illinois
Department of Children and Family Services
confidentiality statutes (325 ILCS 5/11 and Fla.
Stat. § 39.202(1)), or any other applicable
privileges or confidentiality laws.

Plaintiff's first set of interrogatories includes

requests that defendants identify any of the following activities

in which T.V. may have engaged: (1) sexual contacts with another

person, including the other person's age; (2) acts of sexual

exhibition; (3) arrests and criminal charges; (4) periods of

court probation and supervision, including the name of the

probation officer or other supervisor; (5) educational institutions attended; and (6) instances of physical or psychological treatment, including the dates and treating professional. Plaintiff also requests a detailed description of T.V.'s actions and whereabouts on March 28 and 29, 2002. Plaintiff also indicates that she will seek documents that are the subject of defendants' motion for a protective order, including juvenile court records.

Other than as to two instances, in moving for the protective order, defendants do not represent whether or not there would be any activities to describe in response to all or some of the interrogatories and other possible discovery inquiries. For present purposes, it will be assumed that T.V. engaged in activities that, absent a protective order, would result in affirmative responses to the interrogatories. It will be assumed that T.V. engaged in sexual activities, acts of sexual exhibition, attended school, and received medical and psychological treatment in Illinois. It will be assumed that delinquency proceedings were instituted in Florida related to the March 2002 incident. It will be assumed that T.V. has been the subject of at least one delinquency proceeding in Illinois, based on an incident or incidents other than the one in Florida involving plaintiff. It is assumed that any incident in Illinois involved a victim other than plaintiff. The assumption that

various activities have occurred should not be understood as indicating that any particular activity actually occurred.

The parties have not discussed the question of the appropriate law to apply. They appear to assume that Illinois law would apply to delinquency proceedings, sexual activity, and treatment that occurred in Illinois, while Florida law would apply to such activities that occurred in Florida. Rule 501 of the Federal Rules of Evidence provides that, "with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law." The application of this provision to the present type of circumstance, where the applicable substantive law is from one state while potentially privileged communications and related activities occurred in another state and the federal forum is located in another state, is not clear. See Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure § 5345 (1980 & 2003 Supp.). Since the parties do not contend otherwise, it will be assumed that Illinois privilege law applies to Illinois proceedings and activities and Florida privilege law applies to Florida proceedings and activities.

The Illinois Juvenile Court Act of 1987 (the "Juvenile Act") contains a provision regarding confidentiality and

accessibility of juvenile court records.  See 705 ILCS 405/1-8. This is the statute cited by the parties and generally pertains to all types of juvenile proceedings, see In re K.D., 279 Ill. App. 3d 1020, 666 N.E.2d 29, 31-32 (2d Dist. 1996), though some provisions are limited to applying to delinquency proceedings. See 705 ILCS 405/1-8(C)(1), (D)-(F).  Although not cited by the parties, effective January 1, 1999, a provision was added to the Juvenile Act that particularly applies to the confidentiality of court records for delinquency proceedings.  See id. § 405/5-901. The two provisions generally contain duplicative provisions and no apparent inconsistencies, but each contains some provisions that are not in the other.  Both will be considered and cases construing provisions in one of the statutes will be assumed to also be authoritative as to substantially identical provisions in the other statute.[4]  To the extent T.V. was involved in any juvenile proceedings other than a delinquency proceeding, only § 1-8 would apply and none of that statute's provisions that are limited to delinquency proceedings would be applicable.

With some exceptions, § 1-8 limits "inspection and copying of juvenile court records relating to a minor who is the subject of a proceeding" to those involved in the proceeding or

---

[4]There are also parallel provisions regarding access to law enforcement records related to minors.  See 705 ILCS §§ 405/1-7, 5-905.  The parties do not raise any issue regarding possible law enforcement records.

related proceedings. See 705 ILCS 405/1-8(A). Section 5-901 has a parallel provision providing that court files in delinquency proceedings "shall be disclosed only" to those specified. See id. §§ 5-901(1)(a)-(b). Plaintiff relies on two possible exceptions. Section 1-8(C) provides that juvenile court records "may be inspected by . . . properly interested persons by general or special order of the court." Section 5-901(5) contains an identical provision. Also, where there is an adjudication of delinquency for aggravated criminal assault or criminal sexual assault, the court shall allow the general public access to the "name, address, and offense" of the minor. Id. §§ 1-8(C)(1)(A), 5-901(5)(a)(i).

It is not for this court to decide whether plaintiff should be allowed access to court files based on either of the two cited exceptions. Those exceptions do not permit the release of juvenile court documents or even the copying of the documents; they only permit an interested person to inspect the juvenile records in person at the juvenile court, In re J.R., 307 Ill. App. 3d 175, 717 N.E.2d 468, 473 (1st Dist. 1999), or the public to have "access" to the juvenile's name, address, and offense. The Juvenile Act requires an order of "the court" for the interested person exception and, for the sexual assault exception, that "the court" shall allow access. Unless the context indicates otherwise, the Juvenile Act defines "court" as

meaning "the circuit court in a session or division assigned to hear proceedings under this Act." 705 ILCS 405/1-3(5).[5] As to any Illinois delinquency proceedings involving T.V., it is for the Juvenile Court in that county to decide whether the records should be available for inspection. To the extent plaintiff desires to pursue either of the two cited exceptions, she must proceed before the Juvenile Court in order to seek inspection or access to the files. See, e.g., J.R., 717 N.E.2d at 469-70. However, consistent with the additional ruling below, to the extent they know of any Illinois juvenile proceedings involving T.V., defendants will be required to disclose to plaintiff the case number and court for any such proceedings.

J.R., 717 N.E.2d at 473, indicates that the plain language of § 1-8 is to be followed. When the statute says "inspect," it means inspect and nothing additional, such as copying. Sections 1-8 and 5-901 limit the inspection and copying of juvenile court records themselves. When a juvenile's conduct is the subject of a Juvenile Act proceeding, neither § 1-8 nor § 5-901 make any and all information related to the juvenile's conduct confidential; they only limit disclosure of the juvenile court records themselves. Defendants argue that the purpose

_____

[5]For Article 5 of the Act, "court" is similarly defined as meaning "the circuit court in a session or division assigned to hear proceedings under this Act, and includes the term Juvenile Court." 705 ILCS 405/5-105(1).

behind § 1-8 supports prohibiting disclosure of all information about and related to the juvenile proceedings and the underlying offense.  There is no Illinois case law to that effect and the language of the statute itself does not support such a reading.

As already stated, the two statutory sections refer only to juvenile records and say nothing about underlying offenses; there is no reference to prohibiting any testimony from witnesses to the underlying offenses.  Cf. Del Rivero v. Cahill, 71 Ill. App. 3d 618, 390 N.E.2d 355, 359 (1st Dist. 1979) (expungement of official records of arrest "does not act to eliminate the facts and circumstances leading to the arrest, nor does it erase the incident from the mind of an independent occurrence witness"); McCraven v. City of Chicago, 109 F. Supp. 2d 935, 940 (N.D. Ill. 2000) (same).

The Juvenile Act is intended to protect the confidentiality of the juvenile's identity and avoid an invasion of the juvenile's privacy.  Landon v. Oswego Unit School District #308, 2000 WL 33172933 *1 (N.D. Ill. Feb. 13, 2000); K.D., 666 N.E.2d at 31; In re Robert K., 336 Ill. App. 3d 867, 785 N.E.2d 562, 566 (2d Dist. 2003).  However, the two pertinent sections have a number of exceptions even as to the juvenile records themselves.  As the Illinois courts have stated, "protective confidentiality provisions of the Juvenile Court Act do not amount to an absolute prohibition against disclosure of juvenile records."  People v.

Puente, 98 Ill. App. 3d 936, 424 N.E.2d 775, 778 (1st Dist. 1981). A victim of certain sexual offenses, including a delinquent's criminal sexual abuse (see 720 ILCS 5/12-15) for example, still has a right to information about the conviction, sentence, imprisonment, and release of the accused. See 705 ILCS 405/1-8(D); 725 ILCS 120/4(5). Victims of all offenses, and their legal representatives, are entitled to access to the minor's name and address and the disposition of the proceedings. See 705 ILCS 405/1-8(A)(7).[6] See also id. § 405/5-905(6). Also, a properly interested person, which has been construed as including parties involved in litigation for which the juvenile proceedings may be relevant, see K.D., 666 N.E.2d at 31; Landon, 2000 WL 33172933 at *1, is entitled to inspect the entire juvenile record. See 705 ILCS 405/1-8(C), 5-901(5). For certain offenses, the name, address, and offense of the minor is made available to the general public. See id. § 405/1-8(C)(1)-(2), 5-901(5)(a)-(b). Once the information is made available, see J.R., 717 N.E.2d at 473, evidence and adjudications in

------

[6]This provision does not expressly state that it is limited to victims of the particular offense underlying the juvenile proceeding. No opinion is expressed as to whether this provision includes persons like plaintiff who were victims of other conduct of the juvenile that was not the subject of the particular juvenile proceeding. Also, for present purposes, it is unnecessary to construe the precise meaning of 705 ILCS 405/5-901(1)(a)(iii), which provides that a delinquency court file may be disclosed, "when necessary for discharge of their official duties," to "victims and their attorneys."

delinquency proceedings may be used for certain purposes in criminal proceedings and for all relevant purposes in civil proceedings based on causes of actions arising out of the incident underlying the delinquency proceeding. 705 ILCS 405/5-150(1).[7]

A "properly interested person" has been construed as including persons involved in litigation in which the juvenile proceeding may contain relevant information. This has not been limited to persons who were bringing suit based on being victims of an underlying offense that was the subject of a juvenile proceeding. In K.D., 666 N.E.2d at 30-31, the Illinois Department of Professional Regulations ("IDPR") was granted the right to inspect a girl's abused minor proceedings because her stepfather was the accused abuser and the IDPR was engaged in proceedings regarding the stepfather's medical license. In Landon, 2000 WL 33172933 at *1, the defendant school district, which was accused of Title IX violations, was found to be a properly interested person in the minor plaintiff's delinquency proceedings because the delinquency proceedings might be relevant to the plaintiff's claims or defendant's defense. Contrary to implications in defendants' argument, J.R. is not inconsistent with either of these cases. In J.R., a realty company managed

---

[7]Provisions of § 5-150 were previously contained in now repealed 705 ILCS 405/1-10.

the property where J.R. had killed a victim and the realty company had been sued by the victim's estate. The realty company requested the juvenile records themselves. See J.R., 717 N.E.2d at 469. J.R. found it unnecessary to determine if the realty company was a properly interested person and did not reach the question of whether the realty company was entitled to inspect the juvenile records. See id. at 473-74. Instead, J.R. holds that the realty company could, at most, have been entitled to inspect the records as a properly interested person and could not have been entitled to possess the actual records or copy them. Therefore, it was held that the juvenile court erred when it released the juvenile records themselves to the realty company. Id.

As previously discussed, this court cannot order that plaintiff be permitted to inspect T.V.'s juvenile records. However, plaintiff, as a properly interest party, would appear to be entitled to inspect the juvenile records under §§ 1-8(C) and 5-901(5). Since plaintiff would be entitled to learn about a juvenile proceeding involving T.V., the purpose of maintaining confidentiality would not be served by preventing plaintiff from obtaining information from defendants regarding such a proceeding and their knowledge of the proceedings and any underlying conduct. Since any access under §§ 1-8(C) and 5-901(5), though, would be limited to inspection, defendants may not be required to

provide, other than for inspection, copies of any juvenile court pleadings that they may possess.

Defendants rely on _Parmett v. Superior Court of Santa Clara County_, 212 Cal. App. 3d 1261, 262 Cal. Rptr. 387 (1989). In that case, the victim of a juvenile's offense sued the juvenile and his parents and sought access to the juvenile court records of a California court. The juvenile records had already been sealed, which, under California law, meant that "the proceedings in the case shall be deemed never to have occurred, and the person may properly reply accordingly to any inquiry about the events, the records of which are ordered sealed." _Id._ at 1265-66 (quoting Cal. Welf. & Inst. Code § 781). Based on the sealing of the juvenile records, _Parmett_ held that the juvenile's mother could not reveal "events which are part of the sealed juvenile proceedings nor documents generated on account of those proceedings. Knowledge which she has acquired solely from such proceedings is protected by the statute." _Id._ at 1270. However, the mother was still required to "respond to questions and to document requests on the basis of her knowledge of historic events acquired outside the juvenile proceedings." _Id._ Thus, _Parmett_ does not go as far as defendants argue in their motion for a protective order. Even if _Parmett_ were to be followed, it would not preclude questioning defendants about any knowledge of their son's activities that they acquired independent of any

juvenile proceedings that may have occurred.  In any event, the
California sealing statute is distinguishable from the Illinois
expungement statute relied upon by defendants.

Assuming any juvenile proceeding involving T.V. was a
delinquency proceeding, the applicable expungement statute would
be 705 ILCS 405/5-915.[8]  Depending on the situation, a person may
move for expungement upon completion of juvenile proceedings, at
age 17, at age 21, or 5 years after the termination of juvenile
proceedings.  See id. § 405/5-915(1)-(2).  If the offense was
first degree murder or a sex offense that would be a felony if
the offender were an adult, no expungement is permitted.[9]
Assuming T.V. was found delinquent, unless he committed a
Class B misdemeanor or completed supervision pursuant to 705
ILCS 405/5-615, his juvenile records could not be expunged any
earlier than when he turned 21, which has not yet occurred.

_____

[8]If there were juvenile proceedings other than
delinquency proceedings, the applicable provision is 705 ILCS
405/1-9.  That provision does not expressly state what the effect
of expungement would be.  A different Illinois expungement
statute has been construed as only expunging the records
themselves and not alternative methods of proving the same
facts.  See Del Rivero, 390 N.E.2d at 359; McCraven, 109
F. Supp. 2d at 940.

[9]Under the law in effect as of January 1, 2000, some
types of criminal sexual abuse are felonies and some types are
Class A misdemeanors.  See 720 ILCS 5/12-15(d) (2000).  Criminal
sexual abuse committed before January 1, 2000 could only be a
Class A misdemeanor unless it was a second conviction.  See 720
ILCS 5/12-15(d) (1999).  Therefore, some types of criminal sexual
abuse cannot be expunged.

There is no indication that T.V. has been adjudged delinquent and already had the juvenile records expunged. But even assuming that the records have been expunged or that it can presently be taken into account that T.V.'s juvenile records will eventually be expunged, the effect is not the same as the California sealing statute. Under Illinois law: "Upon entry of an order expunging records or files, the offense, which the records or files concern shall be treated as if it never occurred. Law enforcement officers and other public offices and agencies shall properly reply on inquiry that no record or file exists with respect to the person." Id. § 405/5-915(4).[10] This statute focuses on the offense, that is, it will be as if no violation of the criminal statute has occurred. No longer being found in violation of a statute is different from the underlying conduct itself not having occurred. There is no language like the California statute which specifically refers to a private person being questioned about the underlying events and being able to deny the events ever occurred. Even if expungement occurred, it would not be a basis for preventing others from questioning defendants about the underlying events. Also, since the Juvenile Act

_____

[10]Cases concerning the effect of expungement of criminal records under 20 ILCS 2630/5, see, e.g., Del Rivero, 390 N.E.2d at 359; McCraven, 109 F. Supp. 2d at 940, are not on point because that expungement statute contains no provision regarding treating the offense or underlying circumstances as if it never occurred.

otherwise permits a person in plaintiff's situation to have some
access to the juvenile records, the possibility of future
expungement should not be read as precluding access to the
records and related inquiries at the present time.

The Juvenile Act will not be read as protecting
defendants from responding to any inquiries. However, they will
not be required to allow plaintiff to keep or copy any copies of
juvenile court pleadings that defendants may have in their
possession. As to such documents, defendants would only be
required to permit inspection by plaintiff. Additionally,
defendants would not be required to disclose the identity of any
victim of any conduct of T.V. that was the subject of a
delinquency proceeding. See 705 ILCS 405/1-8(B), 5-901(3).

As to the Florida juvenile proceedings, defendants do not
focus on the statute applicable to delinquency proceedings, which
presumably would be the type of proceeding, if any, that would
have occurred in Florida related to T.V.'s alleged assault of
plaintiff. The provision of Florida law concerning delinquency
proceeding records is Fla. Stat. § 985.04. To the extent T.V.
was taken into custody for violation of a law that would be a
felony if he had been an adult, his name, photograph, address,
and crime or arrest report would not be considered confidential.
Id. § 985.04(5). There is also a provision that, regardless of
the offense, the victim of the offense may obtain a copy of a law

enforcement agency's offense report. Id. § 985.04(6). "However, information gained by the victim pursuant to this chapter, . . . regarding any case handled in juvenile court, must not be revealed to any outside party, except as is reasonably necessary in pursuit of legal remedies." Id. Additionally, the general provision as to confidentiality of delinquency records applies only to those involved in the delinquency process (other than the juvenile and his or her parents), limiting their disclosures to others entitled under the chapter to receive such information "or upon order of the court." Id. § 985.04(3)(a). Construing a prior version of the statute containing a similar provision, a Florida Court of Appeal held that a minor and his parents who brought suit for sexual abuse of the minor by another minor were entitled to the police records and juvenile proceeding records regarding the defendant minor's abuse of the plaintiff minor. See B.C. v. A.P., 538 So. 2d 525, 525-26 (Fla. App. 1989) (construing Fla. Stat. § 39.12(5) (1988)). Defendants have not pointed to and this court has not found any Florida law that would protect defendants from responding to the interrogatories or potential document requests concerning the alleged assault in Florida.

As to medical and psychological records, so far plaintiff has only requested the names of any treating medical and mental health professionals and the dates of treatment. Since that is

all that is presently at issue, that is what will presently be considered.

Under Illinois's Mental Health and Developmental Disabilities Confidentiality Act ("Mental Health Act"), a communication indicating that a person is a recipient of mental health services is itself confidential. 740 ILCS 110/2 (definition of "confidential communication"); Norskog v. Pfiel, 197 Ill. 2d 60, 755 N.E.2d 1, 9 (2001). Parents' communications with a therapist treating their child are also confidential. Id. at 10 & n.3. Defendants will not be required to disclose whether or not T.V. has received mental health treatment unless an exception under the Mental Health Act is applicable. See id. at 9-11. At this time, there is no indication that defendants will raise any defense based on the mental health treatment.[11] Therefore, there is no possibility of applying the exception contained in 740 ILCS 110/10(a). There is also no sufficient information before the court that would support requiring disclosure based on a "fundamental fairness" exception. See Norskog, 755 N.E.2d at 15-17. It may also be considered that plaintiff will have access to alternative sources. See id. at 17. Plaintiff will have access to possible juvenile court

---

[11]By refusing to provide any information about possible mental health treatment, defendants are precluded from taking any position that they were not negligent because they sent T.V. for treatment for any known problems.

records and plaintiff will still be permitted to question defendants about knowledge of T.V.'s conduct that defendants obtained from sources other than mental health professionals or being present during possible mental health treatment. Defendants will not be required to disclose whether T.V. has received mental health treatment.

As to treatment by medical professionals, defendants invoke the physician-patient privilege which is codified as 735 ILCS 5/8-802. Unlike the Mental Health Act, this statute does not contain an express provision making the fact that one is being treated confidential. The privilege, however, applies to medical records of nonparties. Kunz v. South Suburban Hospital, 326 Ill. App. 3d 951, 761 N.E.2d 1243, 1246 (1st Dist. 2001) (quoting In re D.H., 319 Ill. App. 3d 771, 746 N.E.2d 274, 276 (1st Dist. 2001)). T.V. is not a party to the pending case. Defenses that T.V.'s parents may take in this case do not waive T.V.'s physician-patient privilege. See Kunz, 761 N.E.2d at 1247. Since no basis is indicated for permitting plaintiff to have access to T.V.'s medical records, defendants will not be required to disclose T.V.'s treating physicians and treatment dates.[12]

---

[12]It is also noted that, to the extent the Mental Health Act confidentiality provision also applies to any treatment of T.V. by a physician, the Mental Health Act provisions control. See 735 ILCS 5/8-802 (last paragraph).

Citing 730 ILCS 150/9, defendants contend they should not be required to disclose any information that T.V. may be required to provide under Illinois's Sex Offender Registration Act. That statute, however, pertains to the state or local official responsible for collecting the registration data and prohibits release of the data except for law enforcement purposes and to the public as required by 730 ILCS 152/115. This statute does not prohibit defendants from disclosing information that may have also been reported under the Registration Act. Moreover, some, but not all, of the information that would have to be reported under the Registration Act is information that is made public in accordance with § 152/115. Section 150/9 does not protect from disclosure by defendants of any information they may possess.

Defendants refer to the attorney-client privilege. No protective order will be granted that alludes generally to the attorney-client privilege. To the extent any material responsive to an interrogatory, deposition question, or document request is subject to the attorney-client privilege, defendants must specifically invoke the privilege and provide a response or privilege log consistent with Fed. R. Civ. P. 26(b)(5).

At this time, plaintiff has not requested T.V.'s school records. Defendants shall respond to questions regarding schools that T.V. has attended and the dates.

Defendants also cite to the section of Illinois's Abused and Neglected Child Reporting Act that provides that "reports of child abuse and neglect or records concerning referrals under this Act and all records generated as a result of such reports or referrals, shall be confidential and shall not be disclosed except as specifically authorized by this Act or other applicable law." 325 ILCS 5/11. To the extent defendants have actual records from any such reports, they will not be required to provide such records. Plaintiff, however, is not precluded from questioning defendants regarding any possible incidents of abuse that may be relevant for discovery purposes.

Defendants' motion will be granted in part in that they need not respond to questions requiring that they list any medical providers or mental health professionals who treated T.V. As described above, they also are not required to provide copies of any Illinois juvenile court pleadings in their possession, nor any child abuse records they may have. Otherwise, they must respond to the pending interrogatories. At the May 12, 2004 status hearing, the parties shall submit an original and one copy of a protective order regarding confidentiality of discovery disclosures and which shall also detail the other rulings in this opinion which apply to actual discovery issues for the guidance of, and compliance by, the parties. The order shall include a provision that no confidential document shall be filed under seal

with the court unless leave of court is specifically obtained to file the particular document under seal.

IT IS THEREFORE ORDERED that defendants' motion for a protective order [14-1] is granted in part and denied in part. The status hearing of May 5, 2004 is reset to May 12, 2004 at 11:00 a.m. The parties shall present a draft order at the status hearing. Defendants shall respond to plaintiff's first set of interrogatories by May 21, 2004.

ENTER:

William T. Hart

UNITED STATES DISTRICT JUDGE

DATED: APRIL 29 , 2004